UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| JENNA M. STRATTON, | ) | CIV. 09-5035-JLV |
|---|---|---|
| Plaintiff, | ) | |
| | ) | ORDER GRANTING |
| vs. | ) | PLAINTIFF'S MOTION FOR |
| | ) | LEAVE FROM SCHEDULING |
| RAPID CITY LODGE, NO. #1187 | ) | ORDER |
| BENEVOLENT & PROTECTIVE | ) | |
| ORDER OF ELKS OF THE UNITED | ) | |
| STATES OF AMERICA; | ) | |
| FRANCIS JOHNSON, individually; | ) | |
| and FRANCIS JOHNSON, | ) | |
| BERNARD D. FRIEND, LARRY | ) | |
| BULMAN, MORRIS MOST, and | ) | |
| MERLE WHITE in their capacity as | ) | |
| Board Trustees of the Rapid City | ) | |
| Lodge, No. #1187 Benevolent & | ) | |
| Protective Order of Elks of the | ) | |
| United States of America, | ) | |
| | ) | |
| Defendants. | ) | |

**PROCEDURAL HISTORY**

On February 17, 2010, plaintiff filed a motion for substitution of party or in the alternative motion for leave from scheduling order. (Docket 49). On March 11, 2010, all defendants, except Francis Johnson, filed a response (Docket 56) in opposition to plaintiff's motion (the "Lodge Defendants"). Defendant Francis Johnson does not oppose plaintiff's motion ("Defendant Johnson"). While this motion was pending, Defendant Johnson filed a motion to extend deadlines (Docket 62) which is not opposed by plaintiff, but the Lodge Defendants have informally advised the court that they oppose Defendant

Johnson's motion to extend deadlines based solely on their objection to plaintiff's pending motion. Both motions are ripe for resolution by the court.

**FACTUAL BACKGROUND FOR PLAINTIFF'S MOTION**

The essence of plaintiff's motion for substitution of party or for leave from the scheduling order is to allow the withdrawal of defendant Merle White and the inclusion of Brettrick J. Sutton, in his official capacity, as a member of the Board of Trustees of the Rapid City Lodge No. #1187 Benevolent & Protective Order of Elks of the United States of American. (Docket 49, p. 1). The basis for this request is that Mr. White resigned from the board of trustees on April 7, 2007, and plaintiff has just recently, through the deposition of Mr. Sutton in January 2010, confirmed that Mr. Sutton was appointed as an interim board member following Mr. White's resignation. Id. Plaintiff asserts that good cause exists to warrant leave of the court to allow the filing of an amended complaint after the deadline established for amendment of pleadings by the scheduling order. (Docket 10). The scheduling order set the deadline to join additional parties and amend pleadings as September 1, 2009. Subsequent joint or unopposed motions to amend the scheduling order have been filed by the parties, but the September 1, 2009, deadline was never modified.

Plaintiff's motion for substitution of party or for leave from scheduling order was filed six months after the original deadline for adding additional

2

parties or amending pleadings.  Plaintiff asserts that her good cause for not timely filing the amended complaint consists of the following:

1. Defendant Merle White was originally believed to be on the board of trustees from and after July 2007.  (Docket 50, p. 1).

2. Defendants' answer (Docket 4, ¶ 7) included a general allegation that Mr. White was a board member from "April 1, 2004 through approximately March 1, 2007." (Docket 57, p. 1).

3. Defendants' initial disclosures (Docket 57-1, ¶ 36) as to Mr. Sutton were "address and telephone number are unknown. Mr. Sutton may have information regarding the allegations . . . ." Id. at p. 2.

4. Defendants' answer and responses to written discovery were not received by plaintiff until after the amendment to pleadings deadline, and then did not contain the official minutes of the meetings of the board of trustees.  See Docket 57-6.  (Docket 57, p. 3).

5. The depositions of Mr. White and the other board of trustee members, taken September 22, 2009, through October 7, 2009, were unclear as to when Mr. Sutton succeeded Mr. White on the board of trustees.  Id. at pp. 2-3.

6. The deposition of Mr. Sutton could not be scheduled until January 5, 2010.  Id. at p. 3.

7. It was only as a result of Mr. Sutton's deposition that plaintiff was able to confirm Mr. Sutton had been on the board of trustees at all times relevant to plaintiff's causes of action against the board members in their official capacities.  Id. at p. 4.

8. Plaintiff's counsel then had to wait until Mr. Sutton's deposition was transcribed to submit it with plaintiff's present motion.  Id. at p. 5.

3

**DECISION**

Plaintiff initially asserts that she should be allowed to substitute Mr. Sutton for Mr. White as a party defendant under Fed. R. Civ. P. 25. The pertinent section of that rule provides:

> (d) Public Officers; Death or Separation from Office. An action does not abate when a public officer who is a party in an official capacity dies, resigns, or otherwise ceases to hold office while the action is pending. The officer's successor is automatically substituted as a party. Later proceedings should be in the substituted party's name, but any misnomer not affecting the parties' substantial rights must be disregarded. The court may order substitution at any time, but the absence of such an order does not affect the substitution.

Rule 25(d). The Lodge Defendants assert that Rule 25(d) is not available to plaintiff because Mr. White has neither died, resigned or ceased to hold office while the action is pending. (Docket 56, p. 4). Furthermore, Lodge Defendants assert Rule 25(d) is not applicable because Mr. White is not a public official. Id.

Neither party provided the court with any case authority for the proposition of substitution under Rule 25(d) within a board of trustees such as the Elks Lodge. The Advisory Committee Note on the 1961 amendment to Rule 25 provides "[t]he general term 'public officer' is used in preference to the enumeration which appears in [the rule prior to the 1961 amendment]. It comprises Federal, State, and local officers." The court is unable to locate a single case which applies Rule 25(d) to actions involving private, not-for-profit

4

entities or other private organizations.  Plaintiff's motion, under Rule 25(d), is denied.

Plaintiff also requests leave to deviate from the scheduling order in accordance with Rule 16.  Fed. R. Civ. P. 16(b)(4) specifically mandates that "[a] schedule may be modified only for good cause and with the judge's consent."  A court "may properly deny a party's motion to amend its complaint when such amendment would unduly prejudice the non-moving party or would be futile."  Popoalii v. Correctional Medical Services, 512 F.3d 488, 497 (8th Cir. 2008) (internal citation omitted).  However, the court "should freely give leave to a party to amend its pleading when justice so requires. . . ."  Id. (citing Fed. R. Civ. P. 15(a)(2)).  The "decision whether to allow a party to amend her complaint is left to the sound discretion of the district court . . . ."  Id. (internal citation omitted).  The "court abuses its discretion when it denies a motion to amend a complaint unless there exists undue delay, bad faith, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment."  Id. (internal citation omitted).  If a party seeks to add "new theories of recovery and impose additional discovery requirements, appellate courts are less likely to hold a district court abused its discretion [in denying a motion to amend]."  Id.

Plaintiff has diligently been seeking to determine if, and more particularly when, Mr. White left the board of trustees and Mr. Sutton succeeded to the

5

board.  Plaintiff's direct inquiries seeking to access the board minutes, the specific records which might have provided better insight into this question, remained unanswered until after the deadline to add parties or amend pleadings.  Additionally, Lodge Defendants' vague discovery responses were neither candid nor helpful in producing the information which plaintiff was entitled to receive on this issue.

It appears plaintiff has been diligently pursuing her claim and seeking to conduct discovery since the issuance of the court's scheduling order.  "The primary measure of good cause is the movant's diligence in attempting to meet the order's requirements."  Rahn v. Hawkins, 464 F.3d 813, 822 (8th Cir. 2006) (internal citation omitted).  See also Sherman v. Winco Fireworks, Inc., 532 F.3d 709, 716-17 (8th Cir. 2008).  The court finds plaintiff has presented good cause to amend the scheduling order to allow the filing of the proposed amended complaint.

Fed. R. Civ. P. 15(a)(2) further provides that a party may only amend its pleading at this juncture with the permission of the court.  "The court should freely give leave when justice so requires."  Id.  Leave to amend pleadings should only be denied "in those limited circumstances in which undue delay, bad faith on the part of the moving party, futility of the amendment, or unfair prejudice to the non-moving party can be demonstrated."  Robertson v. Hayti Police Department, 241 F.3d 992, 995 (8th

6

Cir. 2001) (internal citations omitted). "The burden of . . . prejudice is on the party opposing the amendment." Id.

Lodge Defendants assert that even if plaintiff has shown good cause under Rule 16, plaintiff's motion must be denied because she failed to comply with the local rules allowing for consideration of an amendment to pleadings. See Docket 56, fn 1. D.S.D. Civ. LR 15.1 requires "any party moving to amend a pleading [to] attach a copy of the proposed amended pleading to its motion . . . with the proposed changes highlighted or underlined so that they may be easily identified." Plaintiff has complied with D.S.D. Civ. LR 15.1 by attaching to her motion a copy of her proposed amended complaint with the proper highlighting. (Docket 49-1). Defendants' objection is without merit.

Lodge Defendants do not assert that they will be prejudiced by plaintiff's amended complaint. Lodge Defendants' discovery would not have changed significantly if Mr. Sutton is brought into this litigation as a defendant in his official capacity - the same depositions would have been taken, both by plaintiff and defendants. Since the parties now seem to be in agreement that Mr. Sutton has been a member of the board of trustees since mid-2007, he likely has been a participant in the attorney-client discussions between the Lodge Defendants and counsel. Finally, Lodge Defendants presented Mr. Sutton for his deposition on January 5, 2010, and prepared him for that examination in

7

advance. Lodge Defendants have not met their burden of proof so as to justify denial of plaintiff's motion to amend. Robertson, 241 F.3d at 995.

Lodge Defendants' other objection to the proposed amended complaint is that plaintiff will be serving the amended complaint on Mr. Sutton outside of the applicable statute of limitations. (Docket 56, p. 8). Whether plaintiff's Title VII claims and other claims would be time barred, at least as they relate to Mr. Sutton, is an affirmative defense which is not properly before the court at this time. Mr. Sutton has not made an appearance, either individually or through counsel, and it would be premature for the court to assess any potential defenses he may interpose.

## ORDER

Based on the above decision, it is hereby

ORDERED that plaintiff's motion for substitution of party or in the alternative motion for leave from scheduling order (Docket 49) is granted.

IT IS FURTHER ORDERED that plaintiff is permitted to file the amended complaint. (Docket 49-1).

IT IS FURTHER ORDERED that plaintiff shall present to the Clerk of Courts a summons requiring an answer within twenty-one (21) days of service upon Brettrick J. Sutton, and plaintiff shall serve the summons, together with a copy of the amended complaint, on him in accordance with the Fed. R. Civ. P. 5.

IT IS FURTHER ORDERED that following the filing of the certificate of service as required by Rule 5 showing proof of service upon Mr. Sutton, the caption will be amended to read: "Jenna M. Stratton, Plaintiff vs. Rapid City Lodge, No. #1187 Benevolent & Protective Order of Elks of the United States of America; Francis Johnson, individually; and Francis Johnson, Bernard D. Friend, Larry Bulman, Morris Most, and Brettrick J. Sutton, in their capacity as Board of Trustees of the Rapid City Lodge, No. #1187 Benevolent & Protective Order of Elks of the United States of America, Defendants."

IT IS FURTHER ORDERED that Defendant Johnson's motion to extend deadlines (Docket 62) will be granted under separate order.

Dated April 29, 2010.

BY THE COURT:

/s/ *Jeffrey L. Viken*
JEFFREY L. VIKEN
UNITED STATES DISTRICT JUDGE